Michael R. DiChiara
**DiChiara Law Firm LLC**
33 Plymouth Street, Suite 202B
Montclair, NJ 07042
(973) 509-8500

*Attorneys for Named Plaintiff and the FLSA Collective Plaintiffs*



FILED
JUL -9 2010
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'10 CIV 05240

----------------------------------------x
PAMELA CURLEY, on behalf of herself and others similarly situated,

             Plaintiff,

-against-

ASTELLAS US LLC, ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA MANUFACTURING, INC.,

             Defendants.
----------------------------------------x

<u>COMPLAINT</u>   JUDGE PAULEY

Index No.:

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff PAMELA CURLEY, on behalf of herself and others similarly situated, by her attorneys DICHIARA LAW FIRM LLC, as and for her Complaint against Defendants ASTELLAS US LLC, ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA MANUFACTURING, INC., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action arising out of, *inter alia*, Defendants' failure to pay to Plaintiff, and to others similarly situated, compensation as required by The Fair Labor Standards of 1938 ("FLSA"), 29 U.S.C. § 207. Accordingly Plaintiff is entitled to liquidated damages pursuant to the FLSA's penalties provisions, 29 U.S.C. § 216(b).

2. Plaintiff, on behalf of herself and others similarly situated, further complains and seeks compensation for Defendants' violation of the wage and overtime provisions of Articles 6 and 19 of the New York State Labor Law and their supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. 12, § 142-2.2 ("New York State Labor Law").

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

5. All Defendants are hereinafter collectively referred to as "Defendants."

6. Defendants are authorized to do business in the State of New York. At times relevant to the allegations herein, Defendants are engaged in business in the State of New York as a pharmaceutical company.

7. Defendants' officers exercise sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Chief Executive Officers of

Defendants are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

8. Defendant Astellas US LLC is a foreign pharmaceutical company with its North American headquarters located in Deerfield, Illinois. Defendant Astellas US, LLC has a principal place of business at Three Parkway North, Deerfield, Illinois, 60015-2548.

9. Defendant Astellas US LLC regularly conducts business in the state of New York, and has several employees who work in the state of New York.

10. Upon information and belief, Chief Executive Officers of Astellas US LLC exercise sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Chief Executive Officers of Astellas US LLC are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

11. Upon information and belief, Defendant Astellas US LLC has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Astellas US LLC (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

12. Upon information and belief, Defendant Astellas Pharma US, Inc. is a foreign business corporation authorized to do business in the State of New York and, at

times relevant to the allegations herein, engaged in business in the State of New York and having a registered agent designated to the New York Department of State as Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

13. Upon information and belief, Chief Executive Officers of Astellas Pharma US, Inc. exercise sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Chief Executive Officers of Astellas Pharma US, Inc. are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

14. Upon information and belief, Defendant Astellas Pharma US, Inc. has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Astellas Pharma US, Inc. (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

15. Upon information and belief, Defendant Astellas Pharma Manufacturing, Inc. is a foreign business corporation authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York and having a registered agent designated to the New York Department of State as Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

4

16. Upon information and belief, Chief Executive Officers of Astellas Pharma Manufacturing, Inc. exercise sufficient control of its day to day operations to be considered Plaintiff's employers under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Chief Executive Officers of Astellas Pharma Manufacturing, Inc. are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

17. Upon information and belief, Defendant Astellas Pharma Manufacturing, Inc. has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Astellas Pharma Manufacturing, Inc. (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

18. Plaintiff Pamela Curley was employed by Defendants as a pharmaceutical representative from September 2007 to January 2009. Her consent to sue is attached to the back of this complaint.

19. Plaintiff Pamela Curley worked for Defendants in New York County.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non class members employed by Defendants at any New York location position on or after the date

that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). The "Class" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included): Sales Representative, Medical Sales Representative, Senior Sales Representative, and Pharmaceutical Representative.

21. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS—NEW YORK

23. Plaintiff brings the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

25. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same

type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the

Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Upon information and belief, Defendants violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law.

   b) Whether Defendants properly compensated Plaintiff and Class members for overtime.

   c) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

   d) Whether Defendants failed to compensate Plaintiff and the Class members' New York's Spread of Hours premium.

9

## FACTS

31. Defendants committed the following alleged acts knowingly, intentionally and willfully.

32. Defendants knew that nonpayment of overtime would economically injure Plaintiff, the FLSA Collective Plaintiffs, and members of the Class, and violated federal and state laws.

33. While employed by Defendants, Plaintiff and other similarly situated were routinely regularly required to work in excess of forty hours a week.

34. Although Plaintiff routinely worked in excess of 40 hours a week, Defendants failed to pay Plaintiff overtime as required by the FLSA and New York State Labor Law.

35. Plaintiff and other similarly situated did not sell anything or exercise discretion and independent judgment over matters of significance.

36. Defendants consistently violated the FLSA and New York State Labor Law by failing to properly compensate Plaintiff for hours worked and by failing to pay Plaintiff wages and/or bonuses and/or other guaranteed or earned compensation.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Herself
and the FLSA Collective Plaintiffs)**

37. Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

38. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

39. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times their hourly rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

40. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates.

41. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiff on Behalf of
Herself and the Class)

42. Plaintiff, on behalf of herself and the Class members, reallege and incorporate by reference all previous paragraphs.

43. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

44. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

45. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

12

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 9, 2010

Respectfully submitted,

**DICHIARA LAW FIRM LLC**

By: _____
Michael DiChiara (MD-2180)

*Attorneys for Named Plaintiff and the FLSA Collective Plaintiffs*

DiChiara Law Firm LLC
33 Plymouth Street, Suite 202B
Montclair, NJ 07042
Michael@DiChiarallc.com

Todd Krakower (TJK-4568)
GlassKrakower LLP
20 Broadway
Suite 1
Valhalla, New York 10595
tk@glasskrakower.com
(914) 831-1386

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA CURLEY,

                Plaintiff,

-against-

ASTELLAS US LLC, ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA MANUFACTURING, INC.,

                Defendants.

## CONSENT TO SUE UNDER THE FLSA

1. I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, overtime, liquidated damages, attorney's fees, costs and other relief arising out of my employment with , costs and other relief arising out of my employment with ASTELLAS US LLC, ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA MANUFACTURING, INC. and any other related parties.

2. I authorize DiChiara Law Firm LLC, any associated attorneys, as well as any successors or assigns, to represent me in such action.

Dated: 2/8/10

                                            Pamela Curley