UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JESUS RAIMUNDI, *on behalf of himself* :
*and all others similarly situated*,                    10 Civ. 5240 (WHP)
                                        :
            Plaintiff,                  MEMORANDUM & ORDER
                                        :
      -against-
                                        :
ASTELLAS US LLC, *et al.*,
                                        :
            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/11

WILLIAM H. PAULEY III, District Judge:

  Jesus Raimundi moves for conditional certification of a collective action against his employer, the U.S. affiliate of Astellas Pharma Inc. ("Astellas"), under the Fair Labor Standards Act ("FLSA"). For the following reasons, this Court grants Raimundi's motion.

  Under § 216(b) of the FLSA, a plaintiff may maintain an action against his employer on behalf of himself and "similarly situated" employees. 29 U.S.C. § 216(b). When deciding whether to certify a representative action, "the district courts of this Circuit . . . have coalesced around a two-step method." Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). The Second Circuit has characterized this procedure as "sensible." Myers, 624 F.3d at 554-55.

  At the first stage—which is referred to as the notice stage—a plaintiff must "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)) (internal quotation marks omitted). A plaintiff accomplishes this "by demonstrating that there are other employees who are similarly

situated with respect to their job requirements and with regard to their pay provisions . . . ." Myers, 624 F.3d at 555. At the first stage, a court "need only reach a preliminary determination that potential plaintiffs are similarly situated." Hoffmann, 982 F. Supp. at 261. "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Myers, 624 F.3d at 555.

In this case, Raimundi has made the modest factual showing sufficient to demonstrate that he and other sales representatives have similar job requirements and pay provisions. Specifically, Raimundi has submitted evidence demonstrating that Astellas sales representatives nationwide held the same general job description and were exempt from overtime pay. See Malloy v. Richard Fleischman & Assocs. Inc., No. 09 Civ. 322 (CM), 2009 WL 1585979, at *3 (S.D.N.Y. June 3, 2009). Variations in sales representatives' workdays and expertise does not establish as a matter of law that they are not similarly situated. Accordingly, this Court finds that notice to potential class members is appropriate.

In view of a plaintiff's modest burden at this stage, this Court declines Astellas's invitation to scrutinize the merits of the FLSA claims. Of particular note, however, is Astellas's contention that this Court should decline to authorize notice because Raimundi's counsel made the tactical decision to proceed in this District rather than in the District of New Jersey, where Third Circuit precedent favors employers. See Smith v. Johnson and Johnson, 593 F.3d 280, 285 (3d Cir. 2010) (holding that the FLSA's administrative exemption covers pharmaceutical sales representatives). Certainly, the Second Circuit's holding in In re Novartis Wage and Hour Litigation, 611 F.3d 141 (2d Cir. 2010), that pharmaceutical sales representatives are overtime

-3-

eligible is an outlier. And this Court is not entirely unsympathetic to the criticism of that opinion by other courts. See Christopher v. SmithKline Beecham Corp., 635 F.3d 383, 391-92 (9th Cir. 2011) ("respectfully disagree[ing]" with the Second Circuit's holding). But Novartis is binding precedent in this Circuit.

As to the notice period, "[t]he FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Grp., Inc., 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010). Here, notice should be sent to all sales representatives who worked for Astellas during the three-year period prior to the filing of this action. If appropriate, this Court can revisit any statute of limitations questions at a later stage.

Astellas is directed to provide Raimundi with a list of the names and contact information of potential plaintiffs by November 21, 2011. In addition, the parties are directed to meet and confer regarding the issues with the proposed notice raised by Astellas. The parties shall provide this Court with a revised proposed notice by November 21, 2011.

CONCLUSION

For the foregoing reasons, Raimundi's motion for conditional certification and notice is granted. The Clerk of the Court is directed to close the motion pending at ECF No. 31.

Dated: October 27, 2011
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Michael R. DiChiara, Esq.
DiChiara Law Firm LLC
33 Plymouth Street, Suite 202B
Montclair, NJ 07042

Todd J. Krakower, Esq.
Glass Krakower, LLP
20 Broadway, Suite 1
Valhalla, NY 10595
*Counsel for Plaintiff*

Richard G. Rosenblatt, Esq.
Morgan, Lewis & Bockius
502 Carnegie Center
Princeton, NJ 08540
*Counsel for Defendants*